REVISED APRIL 12, 2002
UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 01-30816


SANDRA SPRAGIS FLOWERS,

Plaintiff-Appellant,


VERSUS


SOUTHERN REGIONAL PHYSICIAN SERVICES, INC.

Defendant-Appellee.


Appeal from the United States District Court
For the Middle District of Louisiana

March 26, 2002


Before HIGGINBOTHAM, DeMOSS, and BENAVIDES, Circuit Judges.

DeMOSS, Circuit Judge:

Appellant Sandra Spragis Flowers won a jury verdict of $100,000 in damages for harassment under the Americans with Disabilities Act from Appellee Southern Regional Physicians Services, Inc. ("Southern"). Southern appealed the damages award. While the appeal was pending, Flowers filed a motion for attorney's fees, which was granted by the district court. Subsequent to the awarding of attorney's fees, this Court vacated the damage award of

$100,000 and remanded so that nominal damages of $1.00 could be awarded. Southern then filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) so that they would not have to pay attorney's fees. The district court granted the motion and Flowers now appeals.

## BACKGROUND

Flowers commenced suit under the ADA, 42 U.S.C. § 12012, against her former employer, Southern, alleging she was harassed and fired because of her infection with HIV. On December 8, 1998, the matter went to trial and a jury awarded damages for the harassment in the amount of $350,000, which was then reduced to $100,000 due to limitations imposed by 42 U.S.C. § 1981a.[1] On July 21, 1999, the district court entered judgment on the jury's verdict.[2] On July 28, 1999, Flowers filed a motion for attorney's fees and costs in excess of $100,000, which Southern opposed. On December 6, 1999, Southern filed a notice of appeal to this Court seeking review of the liability findings and damages awards by the

---

[1] Apparently, the jury found for Flowers only on her harassment claim but not on her claim that her termination was motivated by her disability.

[2] Both parties consented to trial by Magistrate on January 23, 1998. The order referring to a Magistrate all further proceedings and entry of judgment was entered on January 26, 1998 by Judge Frank J. Polozola. All references in this opinion to the "district judge" or "district court" from the present case, therefore, refer to Magistrate Judge Stephen C. Riedlinger.

2

jury, but did not appeal the awarding of attorney's fees because no judgment on Flowers' motion had been made yet.

On February 14, 2000, the district court entered a judgment for attorney's fees in the amount of $52,561.25 plus interest and costs. On March 30, 2001, this Court affirmed the judgment of Flowers' case as to liability but vacated and remanded on the issue of damages, instructing the district court to enter a judgment for nominal damages of $1.00. On April 12, 2001, Flowers filed a motion for writ of execution seeking execution of the judgment of February 14, 2000, for attorney's fees. On April 19, 2001, Southern filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). On June 20, 2001, the district court granted the motion for relief from judgment and vacated the judgment of February 14, 2000, and denied the writ of execution. In doing so, the district court re-styled the motion as one brought under Fed. R. Civ. P. 60(b)(5) instead of (b)(6). Flowers now appeals from this decision.

**DISCUSSION**

<u>Did the district court err in granting the Rule 60(b) motion despite Flowers' continued standing as a prevailing party?</u>

In contesting the district court's decision, Flowers puts forward three arguments. First, Flowers contends that the Rule 60(b) motion should be viewed as a Rule 60(b)(1) motion for excusable neglect and that, as such, it should be denied for being

3

untimely.  Second, Flowers contends that because this Court found in favor of her as to liability (though not damages), she remains the prevailing party.  As such, she asserts that Rule 60(b)(5) cannot apply because this Court did not reverse or vacate the liability portion of her judgment, which was the basis for awarding attorney's fees.  Finally, she argues that Rule 60(b)(6) also is inapplicable because it should only be used in extraordinary circumstances.

Southern counters that Rule 60(b)(1) is inapplicable because it was under no duty to appeal the awarding of attorney's fees before the appeal on the issue of damages and liability was resolved.  It also asserts that Rule 60(b)(5) or (6) would be proper.  It agrees with the district court's use of (b)(5) because the attorney's fees were awarded based on the damages, not the existence of liability, and now that the damages have been vacated, that part of the verdict that was the basis of granting attorney's fees has disappeared.  Southern also asserts that equity would allow the district court to use (b)(6) anyway.

This Court reviews a district court's decision to grant or deny relief under Rule 60(b) for an abuse of discretion. *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). Rule 60(b) states, in relevant part:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative

4

from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b). Flowers believes that Southern should have appealed the awarding of attorney's fees when granted and that the failure to do so should be viewed as "excusable neglect" on the part of Southern. She asks, therefore, that their motion be re-styled as one under Rule 60(b)(1). Such motions must be made within one year after the judgment, however, and so if Southern's motion is viewed as one under (b)(1), then it is untimely. Southern does not dispute that a motion under Rule (b)(1) would be untimely but points out that they are under no duty to appeal the awarding of attorney's fees and so (b)(1) does not apply.

Though this Court has never before dealt with the issue of whether an appeal of attorney's fees is required in light of a Rule 60(b)(5) or (b)(6) motion, other circuits have. As Southern points

5

out, both the Ninth and the Seventh Circuits have recognized that a party must file a separate appeal only when it challenges some aspect of the award itself. *California Med. Assoc. v. Shalala*, 207 F.3d 575, 577 (9th Cir. 2000); *Mother Goose Nursery Sch., Inc. v. Sendak*, 770 F.2d 668, 676 (7th Cir. 1985); *see also* *Maul v. Constan*, 23 F.3d 143, 147 (7th Cir. 1994) (holding that it was an abuse of discretion for the district court to deny a Rule 60(b)(5) motion for relief when the merits judgment was reduced to nominal damages on appeal); *cf.* *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (noting that because no prior judgment upon which attorney's fees was based had been reversed or otherwise vacated, Rule (b)(5) was inapplicable on its face). In *Shalala*, the Ninth Circuit held that though a separate appeal must be made to challenge some aspect of the fee award itself, "Rule 60(b)(5) is available if a party seeks relief solely on the ground that the underlying merits judgment is reversed." *Shalala*, 207 F.3d at 577.

Despite Rule 60(b)(5) appearing to be an appropriate motion in such an instance, Flowers argues that it can not apply in the present case because the underlying judgment was not reversed or vacated. The damages were reduced to nominal but Flowers maintains that because this Court did not reverse the liability aspect of the jury's decision, she is still entitled to attorney's fees as a prevailing party. Flowers argument, however, has no basis in the statute or in equity. Rule 60(b)(5) provides that relief may be

6

sought when "the judgment has been satisfied, released, or discharged, or a **prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.**" Fed. R. Civ. P. 60(b)(5) (emphasis added). Rule 60(b)(5) states nothing about relief being denied in favor of a prevailing party. As the district court in the present case noted, a decision is "based on" a prior judgment when it is "a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." *Bailey*, 894 F.2d at 160. This Court's opinion as to the underlying proceeding states "we VACATE the jury's damages award and REMAND the case for the entry of an award of nominal damages." *Flowers v. Southern Reg'l Physician Serv., Inc.*, 247 F.3d 229, 239 (5th Cir. 2001).

The district court in the present case recognized that its awarding of attorney's fees was based on the amount awarded in damages and not on the existence of liability alone. Awarding attorney's fees based on the damages, or degree of success obtained, is completely in line with the holdings of the Supreme Court and this Circuit. *Farrar v. Hobby*, 506 U.S. 103, 114-115 (1992); *Giles v. General Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001). In *Farrar*, the Supreme Court held that though a civil rights plaintiff who recovers nominal damages is a "prevailing party" for the purposes of the civil rights attorney fee provision,

7

the nominal nature of the awards does affect the propriety of the fees awarded, and that when nominal fees are awarded it is appropriate for the prevailing party's attorney to receive no fees at all. *Farrar*, 506 U.S. at 114-15. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all." *Id.* at 115 (internal citations omitted). In the present case, the district judge granted the attorney's fees in light of the damages, which were $100,000. This Court vacated the awarding of $100,000 and remanded to the district court to enter a judgment of nominal damages in the amount of $1.00. Therefore, that part of the judgment that formed the basis of the granting of attorney's fees was vacated and Rule 60(b)(5) was appropriate.

The Seventh Circuit faced a similar case in 1994 in *Maul v. Constan*, 23 F.3d 143 (7th Cir. 1994). In *Maul*, the plaintiff, Maul, was an inmate in an Indiana prison who sued for violations of his civil rights under 42 U.S.C. § 1983. *Id.* at 144. After an award of damages and subsequent remand, the district court granted Maul $22,500 in damages in June, 1991. *Id.* In August, 1991 the district court granted Maul $18,542.93 in attorney's fees. *Id.* Over a year later, in December, 1992, the Seventh Circuit reversed the district court's award of $22,500 because Maul had failed to prove actual injury. *Id.* The Seventh Circuit then remanded the

8

case to the district court to assess $1.00 in nominal damages against the defendants. *Id.* The award of attorney's fees was not part of that appeal. *Id.* In February, 1993, after the $1.00 judgment was entered, the defendants moved under Rule 60(b)(5) for a refund of the attorney's fees. *Id.* The district court denied the motion and the defendants appealed. *Id.* at 144-45. The Seventh Circuit reversed the district court's decision, relying heavily on the reasoning of *Farrar* to justify its conclusion that no attorney's fees should be awarded. *Id.* at 145-47. The present case is distinguishable only in that this Court does not even have to overcome the standard of review that acts in favor of the district court's decision as the court in *Maul* did. The district judge reviewed the Rule 60(b)(5) motion in light of this Court's vacating the damages and concluded that the motion was justified and no abuse of discretion should be found. We hold, therefore, that Rule 60(b)(5) was appropriate in the present case. Having reached that conclusion, there is no need to delve into the issue of whether Rule 60(b)(6) is also appropriate.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above, we conclude that the district court did not err in granting Southern's Rule 60(b) motion. Southern could not have appealed the

9

awarding of attorney's fees at the time that order was made and Rule 60(b)(5) is perfectly designed to accommodate such a situation. We therefore AFFIRM the district court's decision.

**AFFIRMED.**