**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-31052

(Summary Calendar)

_____

MARK A WILLIS,

Plaintiff - Appellant,

versus

HONEYWELL INC,

Defendant - Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana
01-CV-393-B

February 27, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mark Willis appeals the magistrate's refusal to grant relief from judgment under Federal Rule

of Civil Procedure 60(b)(6). Willis, the plaintiff, moved for Rule 60(b)(6) relief after the magistrate

_____

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted the defendant's unopposed motion for summary judgment in this § 1981 and Title VII reverse discrimination suit. The district court subsequently entered final judgment.

As an initial matter, we construe Willis's appeal as an appeal of the Rule 60(b) ruling and not of the summary judgment ruling. Although his notice of appeal referenced the final judgment, Willis's brief recites only Rule 60(b) case law and does not address the merits of the summary judgment ruling. Accordingly, we hold him to the issues raised and briefed on appeal.

We review a grant or denial of Rule 60(b) relief for abuse of discretion. *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 800 (5th Cir. 2002). In addition, under Rule 60(b)(6), relief is appropriate "only under extraordinary circumstances." *Heirs of Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000).

Generally, Willis argues that he is entitled to have the summary judgment ruling set aside because he was abandoned by his lawyer. Although the circumstances of his counsel's withdrawal may have been less than ideal, Willis admitted that he was aware of her actions and aware that there was a motion pending in the case. Yet Willis did not retain new counsel for approximately a month. Willis bears a duty to protect his own legal interests, and we cannot conclude that he fulfilled that duty. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Willis has also failed to show that the magistrate's summary judgment ruling was "manifestly unjust." *See id.* at 353, 357. Although he argued in his Rule 60(b) motion that he would be able to raise a genuine issue of material fact if given the opportunity, he has failed to present any credible evidence to either the magistrate or this court that suggests he is correct.

The circumstances of this case were not "extraordinary" enough to warrant Rule 60(b)(6) relief, and thus the magistrate's ruling was not an abuse of discretion. For the foregoing reasons, we

AFFIRM the magistrate's denial of Rule 60(b)(6) relief.

AFFIRMED.