United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31063
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ACADIANA TREATMENT SYSTEMS, INC; ET AL.

Defendants

GLENN K JOHNSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-687
--------------------

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Glenn K. Johnson appeals from the district court's order
denying his FED. R. CIV. P. 60(b)(5) motion to dissolve the 1999
injunction barring him from contacting his former employees; from
going on the properties of the companies he formerly owned with
his relatives; or from interfering with the work of the receiver
(who was released from his obligations in the year 2000)

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appointed to operate the companies formerly owned by Johnson. Johnson also appeals from the denial of his FED. R. CIV. P. 59(e) motion. Johnson contends that the district court erred by denying his motion to dissolve the injunction because the passage of time, the closing of the underlying case, and the discharge of the former receiver constituted changed circumstances. He argues that maintaining the injunction interferes with his right to bring a civil action against the former receiver and other parties and that the district court was obligated to dissolve the injunction so that any lawsuit he might file could not be construed as a violation of the injunction. He contends that the district court erred by denying his Rule 59(e) motion because he had made clear the bases for his motion to dissolve in his replies to the other parties' responses to the motion to dissolve. Finally, Johnson contends that the district court erred by denying him an evidentiary hearing.

The district court did not abuse its discretion by denying Johnson's motion to dissolve the injunction. *See Flowers v. Southern Regional Physicians Servs., Inc.,* 286 F.3d 798, 800 (5th Cir. 2002). Johnson does not indicate why he needs access to his former employees in order to file the lawsuit he alleges he wishes to pursue. Moreover, the receiver was released in 2000 with the sale of Johnson's companies. It is unclear how any lawsuit could be construed as interfering with the former receiver's activities. Johnson does not dispute the district

court's version of the history of his case, a history that suggests that Johnson might cause trouble for the company that purchased his companies were the injunction dissolved. The unrefuted allegation that Johnson used a private investigator to communicate with the former receiver indicated that Johnson might seek to interfere with the operations of the companies he formerly owned. Finally, Johnson has failed to show that the denial of an evidentiary hearing was an abuse of discretion. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (5th Cir. 1994).

AFFIRMED.