*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 10b0003n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: Level Propane Gases, Inc. et al., | ) | |
| Debtors. | ) | |
| | ) | |
| Ohio Truck & Trailer, Inc., | ) | No. 08-8100 |
| Appellant, | ) | |
| v. | ) | |
| Level Propane Gases, Inc. et al., | ) | |
| Appellees. | ) | |
| | ) | |
| TAL Financial Services, | ) | No. 08-8101 |
| Appellant, | ) | |
| v. | ) | |
| Level Propane Gases, Inc. et al., | ) | |
| Appellees. | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 02-16172

Argued: November 3, 2009

Decided and Filed: February 1, 2009

Before: FULTON, McIVOR and, RHODES, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ARGUED: David C. Eisler, Medina, Ohio, for Appellants. Mark A. Phillips, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellees. ON BRIEF: David C. Eisler, Medina, Ohio, for Appellants. Mark A. Phillips, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellees.

_____

**OPINION**

_____

STEVEN RHODES, Bankruptcy Appellate Panel Judge. The appellants seek reversal of the bankruptcy court's order denying their motions to vacate several key orders in the underlying bankruptcy case. The appellants argue that all of the orders were procured through a "fraud on the court." The Panel concludes that appellant, Ohio Truck & Trailer, Inc., lacks standing because it is not a creditor. The Panel further concludes that the challenged orders were not procured through a "fraud on the court" and that the bankruptcy court did not err in denying TAL Financial Services' motion to vacate.

## I. JURISDICTION AND STANDARD OF REVIEW

Before reaching the merits of the appeal before us, we must address the issue of whether appellants have standing. *See Harker v. Troutman* (*In re Troutman Enters., Inc.*), 286 F.3d 359, 364 (6th Cir. 2002) ("Standing is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case.") "Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential requirements associated" with federal standing generally. *Moran v. LTV Steel Co., Inc.* (*In re LTV Steel Co., Inc.*), 560 F.3d 449, 452-53 (6th Cir. 2009) (citations omitted). As this Panel has previously explained:

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order." Derived from the now-repealed Bankruptcy Act of 1898, "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights.

*Travelers Cas. & Sur. v. Corbin* (*In re First Cincinnati, Inc.*), 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted).

> Generally, bankruptcy jurisdiction is not conferred for the convenience of those not in bankruptcy. *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3rd Cir.1984), *rev'd on other grounds*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Unless the parties involved are the debtor and the creditors, or the bankruptcy court has "related to" jurisdiction over certain parties, the bankruptcy court has no jurisdiction to enter orders pertaining to parties who are not related to the bankruptcy action.

*In re Dow Corning Corp.*, 255 B.R. 445, 476 (E.D. Mich. 2000).

The record reveals that Ohio Truck & Trailer's proof of claim was disallowed. (Dkt. # 3511, Order Sustaining Debtors' objection to Claim No. 211 of Ohio Truck & Trailer, Inc., Nov. 20, 2008). Ohio Truck & Trailer did not appeal the order denying its proof of claim. Accordingly, Ohio Truck & Trailer is not a creditor in the present case. Further, the Panel finds that Ohio Truck & Trailer is not a "person aggrieved." Therefore, the Panel holds that Ohio Truck & Trailer does not have standing to bring this appeal. Accordingly, case number 08-8100 is DISMISSED.

The claims register does not show a proof of claim for TAL Financial Services. However, in a Stipulated Order entered on June 25, 2003, debtor and TAL stipulated that TAL shall have two allowed secured claims in the amount of $18,182, and in the amount of $25,687. (Dkt. # 1706). Accordingly, the Panel finds that TAL Financial is a creditor with standing under the "person aggrieved" standard.

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1). For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

The denial of a motion for relief from a judgment that is not a summary judgment is reviewed for abuse of discretion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir. 1999). An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact,

improperly applies the law, or uses an erroneous legal standard. *Corzin v. Fordu* ( *In re Fordu* ), 209 B.R. 854, 858 (B.A.P. 6th Cir. 1997).

> "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.*), 227 F.3d 604, 608 (6th Cir. 2000) (citations omitted).

*In re Geberegeorgis*, 310 B.R. 61, 64 (B.A.P. 6th 2004). *See also Flowers v. Southern Regional Physician Services, Inc*., 286 F.3d 798, 800 (5th Cir. 2002) (On appeal, the decision to grant or deny relief under Rule 60(b) is reviewed for an abuse of discretion.).

## II. ISSUES ON APPEAL

The sole issue on appeal is whether the bankruptcy court abused its discretion by denying TAL Financial's motion to vacate five key orders in the bankruptcy case. TAL Financial's primary argument is that the bankruptcy court failed to properly consider the Verbos-Anter email evidence,[1] which would have shown that the orders were procured through a "fraud on the court," negating the reasonable time requirement of Rule 60(b). Additionally, TAL Financial argues that the bankruptcy court erred in finding that the Plan Confirmation Order is res judicata as to all matters raised in TAL Financial's motion to vacate.

## III.  FACTS

This appeal arises from a bankruptcy case that is over seven years old, with over 3700 pleadings. The case began as an involuntary Chapter 7 bankruptcy petition on June 6, 2002. There were several debtors. On June 11, 2002, the bankruptcy court entered an "Agreed Order and Stipulation" which among other things, consolidated the cases and converted them to Chapter 11.

---

[1] The Verbos-Anter email evidence is a series of emails purportedly between John Verbos and Richard Anter, two key employees of the debtors. These emails, which have not been verified, and refer to the parties only by first name and initials, appear to reveal a scheme to conceal customer checks, to make it appear that the business was losing money, in order to oust William Maloof, debtors' former sole shareholder. It is worth noting that the email evidence was not attached to TAL Financial's motion, but was attached to Ohio Truck & Trailer's motion to vacate, which TAL Financial incorporated by reference.

During the second year of the bankruptcy case, the former sole shareholder, William Maloof began to make allegations of fraud. Prof. Ray Warner was appointed as examiner on April 30, 2003. On June 6, 2003, the Examiner filed his report with the Court. After reviewing thousands of pages of documents and conducting 22 sworn and unsworn witness interviews, the Examiner concluded that the evidence did not support the allegations of misconduct on the part of debtors' attorneys, Benesch Friedlander Coplan & Aronoff (BFCA).

On July 2, 2003, the debtors' propane distribution business was sold as a going concern. On January 21, 2004, the debtors' parking lot business was sold as a going concern. Both sale orders were subsequently affirmed by the district court on appeal.

Between January 31, 2006 and February 2, 2008, Maloof made at least five attempts to get the key orders overturned based on his allegations of fraud. The bankruptcy court denied Maloof's motions, and those orders were affirmed on appeal.

On September 23, 2008, appellant TAL Financial Services filed a motion to vacate certain orders entered over the course of the Level Propane bankruptcy case. (Dkt. # 3449). This motion stated "[t]he history of the fraud and the supporting exhibits documenting the fraud are set out in the Shareholder's R.60(b)(6) Motion to Vacate . . . and in the Shareholder's Rule 60(b)(2) Motion to Vacate . . . and Shareholder's Motion for Reconsideration of the Court's denial of his R. 60(b)(2) motion, hereby incorporated by reference." (Dkt. # 3397).

The motion requested that the court vacate five key orders:

1. The Agreed Order entered June 11, 2002 (Dkt. # 5) (the Conversion Order);

2. The order entered October 17, 2002 (Dkt. # 676), approving the management agreement between Eaglerock Propane and Level Propane (the Management Order);

3. The order entered October 17, 2002 (Dkt. # 679), amending the final order authorizing the Debtors to enter into a post-petition financing agreement (the Amended Financing Order);

4. The order entered June 20, 2003 (Dkt. # 1667), approving the global settlement between the Debtors, the "Bank Group" the Equipment Financiers and the Official Committee of Unsecured Creditors (the Global Settlement Order);

5. The order entered June 27, 2003 (Dkt. # 1721), approving the sale of the going concern assets of Level Propane (the Sale Order).

On November 4, 2008, the bankruptcy court held a hearing on TAL Financial's motion to vacate the orders. On November 14, 2008, the bankruptcy court entered an opinion and order denying TAL Financial's motion to vacate. The bankruptcy court found that the motion to vacate relied entirely upon arguments and allegations previously presented to the bankruptcy court by Maloof. Additionally, the bankruptcy court found that the Rule 60(b)(6) motions were time barred under both the "reasonable time" requirement of Fed. R. Civ. P. 60(b) and the equitable doctrine of laches. Finally, the bankruptcy court denied the motion as barred by section 1141(a), finding the confirmed plan binding on creditors. The bankruptcy court incorporated its reasoning in its October 27, 2008 Memorandum of Opinion and Order. TAL filed a timely notice of appeal on November 24, 2008.

## IV. DISCUSSION

The bankruptcy court denied TAL Financial's motion for three reasons. First, the bankruptcy court found that TAL Financial relied upon the same arguments and allegations previously raised by Maloof and rejected by the court. Second, the bankruptcy court held that the motion was time-barred by Rule 60(b). Third, the bankruptcy court held that the motion was barred by section 1141(a).

### A. Fraud on the Court

The Panel will begin by addressing the "fraud on the court" argument, since it is the linchpin of all of TAL Financial's arguments.

Not all fraud is "fraud on the court." "[T]he type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion" under Rule 60(b)(3) for fraud on an adverse party. *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988). The Sixth Circuit has held that fraud on the court is conduct:

> 1) on the part of an officer of the court; 2) that is directed to the judicial machinery itself; 3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; 5) that deceives the court.

*Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000) (*citing Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). In *Computer Leasco, Inc. v. NTP, Inc.*, 194 Fed. Appx. 328, 338 (6th Cir. 2006), the Sixth Circuit stated that these elements require "that the individual accused of perpetrating the fraud must have directly interacted with the court to 'prevent an adversary from presenting his case fully and fairly.'" *Id.* (citation omitted).

Appellant argues that the Verbos-Anter e-mails are new evidence of fraudulent activity by employees of the debtors. The Verbos-Anter emails might be evidence of a scheme to oust Maloof, but the emails do not show fraud on the court. The emails do not contain communication from an officer of the court. The emails are not directed to the judicial machinery itself. Moreover, TAL Financial does not make an allegation of specific fraudulent activity by an officer of the court which induced the bankruptcy court to enter any of the five challenged orders.

Rather, TAL Financial's argument is that there was a grand conspiracy to oust Maloof and misrepresent the value of the debtors so that specific people could purchase the debtors as a going concern at a reduced price. TAL Financial makes vague allegations that debtors' counsel, Benesch Friedlander Coplan & Aronoff (BFCA), was aware of and participated in this conspiracy. However, this allegation was refuted by the Examiner. Moreover, the Verbos-Anter emails do not indicate any involvement by BFCA. Therefore, the Panel concludes that the Verbos-Anter emails do not prove a "fraud on the court."

## B. Fed. R. Civ. P. Rule 60(b)

TAL Financial's main argument in support of its assertion that the bankruptcy court abused its discretion by finding that TAL Financial's motions were not brought within a reasonable time, is that the court should not have imposed *any* time limitation. TAL Financial contends that a Rule 60(d) "fraud on the court" argument can be raised at any time, without any limitation. However, the Panel has already held that there was no fraud on the court. Therefore, this argument fails. Fraud by adverse parties, as alleged here, is subject to Rule 60(b)'s time limitations.

The bankruptcy court's determination that the motion to vacate was not brought within a reasonable time is reviewed for abuse of discretion. The bankruptcy court did not err by holding that TAL Financial's Rule 60(b) motion was not brought within a reasonable time. TAL Financial asserts

that it has only been two years since parties raised the issue of fraud, and only since June 18, 2008 that the new emails came to light. However, allegations of fraud were raised within the first six months of the bankruptcy case by Maloof. The court-appointed Examiner thoroughly investigated the allegations and concluded that the evidence did not support the allegations of misconduct. Between January 31, 2006 and February 2, 2008, Maloof made at least five attempts to overturn key orders based on his allegations of fraud. The bankruptcy court denied Maloof's motions, and those orders were affirmed on appeal. The district court's most recent opinion affirming the bankruptcy court stated:

> Here, as noted by the Bankruptcy Court, both that court and the district court on appeal rejected the arguments made in Maloof's First Motion to Vacate, i.e., that the banks allegedly committed a "fraud on the court." These same assertions were reiterated in Maloof's First and Second Motions to Reopen the Examiner's Investigation, and his Motions to disqualify Debtors' Counsel. While Maloof argues that "the doctrine of finality does not apply in this case since the two Motions to Vacate depend upon distinctly different evidence, from which arise distinctly different theories of the case," Maloof misunderstands the doctrine of finality. The doctrine of finality does not operate to give litigants repeated "bites at the apple" by simply providing nuance on their prior arguments or submitting new items of evidence going to the same issues. Both the Bankruptcy Court and courts in the Northern District of Ohio and the Sixth Circuit Court of Appeals have rejected Maloof's multiple attempts to invalidate the Debtors' bankruptcy based on allegations of fraud. The issue raised in the Second Motion [to] Vacate is the same.

*Maloof v. Level Propane Gases, Inc.*, Case No. 1:08CV679 (N.D. Ohio July 28, 2009) (Appellee's Supplemental Appendix at 13.)

The bankruptcy court's determination that TAL Financial is attempting one more bite at the apple, by submitting "new" items of evidence going to the same issues of fraud, is not clearly erroneous. The bankruptcy court did not abuse its discretion by denying the Rule 60(b)(6) motion on the basis that it had not been brought within a reasonable time.

### C. Section 1141(a)

The bankruptcy court's third basis for denying TAL Financial's motion was that it is barred by section 1141(a) due to confirmation of the plan. TAL Financial asserts that the bankruptcy court erred because it "misread" the chronology of the docket and failed to recognize that the motion to

vacate was filed prior to plan confirmation. TAL Financial's argument fails because plan confirmation effectively forecloses such claims.

Under 11 U.S.C. § 1141(a), the effect of confirmation is to "bind all parties to the terms of a plan of reorganization." *Still v. Rossville Bank* (*In re Chattanooga Wholesale Antiques, Inc.*), 930 F.2d 458, 463 (6th Cir.1991). As the Sixth Circuit has stated, "[c]onfirmation of a plan of reorganization by the bankruptcy court has the effect of a judgment by the district court and res judicata principles bar re-litigation of any issues raised or that could have been raised in the confirmation proceedings." *Id.* Whether an action is barred by res judicata principles is determined by the application of four factors:

> 1. A final decision on the merits in the first action by a court of competent jurisdiction;
>
> 2. The second action involves the same parties, or their privies, as the first;
>
> 3. The second action raises an issue actually litigated or which should have been litigated in the first action;
>
> 4. An identity of the cause of action.

*Century Indemnity Co. v. Special Metals Corp.* (*In re Special Metals Corp.*), 317 B.R. 326, 331 (Bankr. E.D. Ky. 2004) (citing *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

As a general rule, the "[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d at 480. In this case, the bankruptcy court entered a Plan Confirmation Order on October 9, 2008, which constitutes a final decision on the merits by a court of competent jurisdiction.

The second prerequisite for res judicata is also established. TAL Financial, as a creditor, qualifies as a party for res judicata purposes. *Id.* at 481. Section 1141(a) prohibits parties, such as TAL Financial from "launch[ing] collateral attacks on confirmed plans, undermining the necessary ability of bankruptcy courts to settle all of the claims against the debtor." *Id.* TAL Financial was a party in the bankruptcy proceeding before confirmation of the plan, and is now seeking to vacate the five orders entered by the bankruptcy court. Therefore, TAL Financial's motion to vacate involves the same parties as those involved at confirmation.

As to the third prerequisite for res judicata, the fraud issues could have been raised and dealt with as part of the confirmation process. TAL Financial's contention that the litigation is not barred by plan confirmation because the fraud issues were raised *prior* to confirmation is incorrect. *See In re Special Metals Corp.*, 317 B.R. 326 (Bankr. E.D. Ky. 2004). The timing of TAL Financial's Motion to Vacate is irrelevant. The bankruptcy confirmation process encompasses all issues that could and should have been raised as objections to confirmation of the Plan. The bankruptcy court confirmed the Plan and TAL Financial did not appeal the confirmation order.

The final factor requiring an identity of claims is met if "the claims arose out of the same transaction or series of transactions," or if the "claims arose out of the same core operative facts." *Browning v. Levy*, 283 F.3d 761, 774 (6th Cir. 2002) (citation omitted). The fraud claims asserted by TAL Financial were raised repeatedly by Maloof prior to confirmation of the Plan and during plan confirmation process. Although TAL Financial attempts to argue that the Verbos-Anter e-mail evidence is "new," the evidence is indistinguishable from other allegations of fraud raised by Maloof. Those allegations have been thoroughly considered and rejected by both the bankruptcy court and the district court. Therefore, the Panel concludes that there is an identity of claims and all four factors used to determine whether an action is barred by the principles of res judicata have been met. The bankruptcy court, therefore, did not err in finding that TAL Financial's Motion to Vacate was barred by § 1141(a).

## V. CONCLUSION

The bankruptcy court's opinion and order denying TAL Financial's motion to vacate are **AFFIRMED**.