**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2012

Lyle W. Cayce
Clerk

No. 11-60670

LOWRY DEVELOPMENT, L.L.C.,

Defendant - Appellee

v.

GROVES & ASSOCIATES INSURANCE, INCORPORATED,

Third Party Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

After its property sustained wind damage during Hurricane Katrina, a real-estate developer sued its insurance provider for coverage and, in the alternative, its insurance agent for professional negligence. The district court decided that the insurance policy covered wind damage, and a jury decided that there had been no "mutual mistake" between the agent and the provider concerning wind coverage. As a consequence, the district court dismissed with prejudice the developer's negligence claim against its agent. The insurance provider appealed, and this Court reversed, deciding that the policy did not cover wind damage. On remand, the developer moved under FED. R. CIV. P. 60(b) to set aside the dismissal of its professional negligence claim against the agent in

light of the reversal. The district court granted the motion and resurrected the negligence claim against the agent. We affirm.

## I.

This case is a procedural oddity involving three parties: a real-estate development company ("Lowry"), the company's insurance agent ("Groves"), and an insurance provider ("Great American"). The present appeal is a dispute only between Lowry and Groves.

In January 2004, Lowry sought a builder's risk policy for the construction of a condominium building on the beach in Gulfport, Mississippi. Groves served as Lowry's insurance procuring agent and secured a policy with Great American. There was confusion among the parties about whether the policy covered wind damage. Hurricane Katrina subsequently caused wind damage to Lowry's construction site.

Lowry filed a claim under the policy, and Great American responded by filing a diversity suit in the Southern District of Mississippi, seeking a declaratory judgment that the policy did not cover wind damage. Lowry brought counterclaims against Great American and Groves, and it filed its own suit in state court. Lowry's state court suit was removed and consolidated with Great American's diversity suit. In its claims, Lowry contended that it was entitled to wind coverage under the policy, or, in the alternative, that Groves had negligently failed to procure wind coverage.

Both Great American and Lowry moved for summary judgment. The district court found that the policy covered wind damage, and it granted partial summary judgment to Lowry on that basis. The grant of summary judgment was only partial because the court submitted a subsidiary issue to a jury: whether Groves and Great American each intended to exclude wind coverage, rendering any such coverage in the policy a mutual mistake. Groves and Great American tried that issue to the jury over six days, and the jury found no

mistake.[1]  With liability thus established, the parties stipulated to damages of $1,525,000, and Great American reserved the right to appeal.

The district court, upon entering judgment for Lowry, dismissed Lowry's claim against Groves with prejudice.  The dismissal was predicated on the court's summary judgment that the policy covered wind damage and the jury's judgment that there had been no mutual mistake about that coverage.  Those judgments compelled a conclusion that Groves intended to procure wind coverage and was successful in doing so.  Lowry's professional negligence claim against Groves was dismissed on that basis.

Complications arose when Great American successfully appealed the district court's summary judgment ruling. Without reaching the mutual mistake issue, the Fifth Circuit held as a matter of law that the policy did not provide wind coverage and reversed the grant of partial summary judgment to Lowry.[2] Groves was not involved in the appeal.

On remand, Lowry filed a motion seeking clarification as to whether its claim against Groves could proceed now that the premise for dismissing it—that the policy covered wind damage—had been reversed.  The district court construed the motion as a Rule 60(b)(5) and (6) motion[3] and granted it, reinstating the claim against Groves.  Groves filed a motion for reconsideration, which the district court denied.  On reconsideration, the court explained that it had been proper to construe the motion as a Rule 60(b) motion, that the motion

---

[1] More specifically, the jury answered "no" to the following special interrogatory: "Has Great American proven by a preponderance of the evidence that both parties, acting through their agents, understood that wind damage coverage would be excluded from Great American's original policy on Tuscan Villas Building Two?"

[2] *Great Am. Ins. Co. of N.Y. v. Lowry Dev., LLC*, 576 F.3d 251 (5th Cir. 2009).

[3] FED. R. CIV. P. 60(b)(5) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" if, *inter alia*, it is "based on an earlier judgment that has been reversed or vacated."  FED. R. CIV. P. 60(b)(6) allows a court to do the same for "any [unenumerated] reason that justifies relief."

had been timely, and that it had not been an improper substitute for an appeal.[4] The district court then certified an interlocutory appeal of the issue based on the parties' representations that they will terminate this matter when this Court rules, in a manner contingent on the outcome of this appeal.

## II.

The parties dispute whether this Court should review the district court's Rule 60(b) ruling de novo (Groves's position) or for abuse of discretion (Lowry's position). To an extent, they are both right. Generally, this Court reviews a district court's decision to grant or deny Rule 60(b) relief for abuse of discretion.[5] On the other hand, the parties each make textual arguments about the proper scope of Rule 60(b)(5), and a district court's *interpretation* of a federal rule of civil procedure is reviewed de novo.[6] Thus, we will independently interpret Rule 60(b)(5)'s text,[7] but we will review the district court's *application* of the Rule only for abuse of discretion.[8]

## III.

FED. R. CIV. P. 60(b) is an uncommon means for relief. This Court has explained:

> The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments . . . . By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the

---

[4] Groves does not take issue with the first two of those holdings in this appeal.

[5] *See Flowers v. S. Reg'l Physician Servs. Inc.*, 286 F.3d 798, 800 (5th Cir. 2002); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

[6] *See Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998) (per curiam) (interpreting FED. R. CIV. P. 54(d)(2)).

[7] *See infra* Section III.A.

[8] *See infra* Sections III.B-C.

finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts."[9] The Rule is to be "liberally construed in order to do substantial justice," but at the same time, "final judgments should [not] be lightly reopened."[10] That is, "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause."[11]

The specific provision of Rule 60(b) implicated here is Rule 60(b)(5),[12] which allows a court to "relieve a party . . . from a final judgment, order, or proceeding" if, *inter alia*, it is "based on an earlier judgment that has been reversed or vacated." "[A] decision is 'based on' a prior judgment when it is 'a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense.'"[13] One qualification is that Rule 60(b)(5) "'does not authorize relief from a judgment on the ground that the *law* applied by the court in making its adjudication has been subsequently overruled or declared

---

[9] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

[10] *Id.*

[11] *Id.*

[12] Although its analysis focused on Rule 60(b)(5), the district court also invoked Rule 60(b)(6), which allows a court to set aside a judgment for any reason justifying relief that is not otherwise provided for in the Rule. *See generally Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (describing Rule 60(b)(6) as "a grand reservoir of equitable power to do justice" but noting that its availability is limited to cases presenting "extraordinary circumstances"). Presumably, the district court thought that if Rule 60(b)(5) did not apply for whatever reason, then the circumstances justified relief under Rule 60(b)(6). Because we ultimately conclude that the district court did not err in granting relief under Rule 60(b)(5), we do not address whether Rule 60(b)(6) should apply in the alternative.

[13] *Flowers*, 286 F.3d at 802 (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).

erroneous in another and unrelated proceeding.'"[14] That qualification is not implicated here.

We will first analyze whether the text of Rule 60(b)(5) encompasses our present scenario, and then we will turn to Groves's two arguments that Lowry is undeserving of relief under the Rule even if it does.

### A.  Interpreting Rule 60(b)(5)

The second clause of Rule 60(b)(5), which permits a court to set aside a final judgment that is "based on an earlier judgment that has been reversed or vacated," appears to cover Lowry and Groves's dispute rather straightforwardly, even if the particular posture of their dispute is *sui generis* in the Rule 60(b) case law.  (It is unsurprising that no precedent is on point because the clause "has had very little application."[15]) There is no doubt that the dismissal of Lowry's claim against Groves was "based on" the district court's grant of partial summary judgment to Lowry, which was reversed, as well as the jury's implicit finding that Groves intended to procure wind coverage.  Those conclusions were necessary and sufficient logical conditions for the dismissal.  They eliminated any grounds for proceeding against Groves for negligence.  In this Court's alternate formulation of "based on," we would say that each was a "necessary element" of the dismissal.[16]

---

[14] *Bailey*, 894 F.2d at 160 (emphasis added) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 650 (1st Cir. 1972)).

[15] 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2863 (2d ed. 1995); *accord* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.46[1] (3d ed. 2012) ("Cases in which one judgment is 'based' on another are not that frequent or obvious.").

[16] *See Flowers*, 286 F.3d at 802.  In addition, the federal practice treatises flesh out the meaning of "based on" with analogies to claim or issue preclusion.  *See* 12 MOORE'S FEDERAL PRACTICE § 60.46[1] ("[O]ne judgment is based on another when the first judgment is so related to the second that the first judgment has claim or issue preclusion effects on the second." (citations omitted)); *accord* 11 WRIGHT & MILLER § 2863.  Those concepts are not far from the instant scenario.  The Groves claim was implicitly adjudicated via the summary judgment ruling and the jury trial on mutual mistake.

Groves counters this reasoning by pointing to the words "earlier judgment" in the Rule. Groves argues that the relevant "earlier judgment" here—the district court's grant of partial summary judgment, which predated the dismissal and was reversed—was not a "judgment" under the Rules at all. FED. R. CIV. P. 54(a) defines a "judgment" as "any order from which an appeal lies." Groves contends that the partial summary judgment ruling was interlocutory, not final, not appealable, and therefore not a "judgment" under the Rules. And that is generally true.[17]

Even so, Groves's argument does not necessarily render Rule 60(b)(5) inapplicable because we can also look to the district court's final judgment, which subsumed the partial summary judgment ruling, as the "earlier judgment." To Groves, relying on the final judgment creates a new problem because the final judgment *simultaneously* incorporated the dismissal and the judgment that was reversed on appeal. For that reason, Groves says, one is not "earlier" than the other. The counterargument to Groves's position is that the conclusion that Lowry had wind coverage is a necessary premise for the dismissal. It logically preceded the dismissal even if it did not temporally precede it.

The question then is whether the word "earlier" in Rule 60(b)(5) cognizes such logical relations between simultaneous judgments. In a case we will return to shortly, the Fourth Circuit provides that court's answer. The Fourth Circuit was persuaded

> that when one judgment rests upon a contemporaneous judgment which has been reversed or otherwise vacated, . . . Rule 60(b)(5) should nevertheless apply if all the other conditions are met. We

---

[17] *See Halliburton Co. Benefits Comm. v. Graves*, 191 F. App'x 248, 250 (5th Cir. 2006) (unpublished) (per curiam).

think the word "prior" in Rule 60(b)(5) refers not only to prior in time but also to prior as a matter of legal significance.[18] The Fourth Circuit's reasoning prevents a needlessly cramped interpretation of the word "earlier," and we adopt it here.

Note that if the district court had opted to issue separate final judgments for the two defendants, the judgment against Great American would necessarily have had to come first. A logical premise must precede an inference contingent on it. The district court did not stagger its judgments that way, but that technicality is no reason for Lowry to be deprived of Rule 60(b) relief.

We are persuaded that Rule 60(b)(5), by its terms, can apply here.

### B. Whether Lowry Should Have Appealed the Dismissal

A general principle that emerges from prior Rule 60(b) cases is that a Rule 60(b) motion may not be used as a substitute for a timely appeal.[19] This Court's concern in many cases has been litigants using Rule 60(b) as a "procedural ploy," or an "end run" around the time limits for appeals.[20]

Relying on this principle, Groves argues that Lowry should have filed a protective appeal against Groves to preserve its claim, and, because it did not, Rule 60(b) relief is barred. At first, it might seem strange that a successful litigant in the district court should be under any necessity to appeal the decree that delivered him victory.[21] But here the judgment comprised adverse as well as favorable elements. The dismissal with prejudice of Lowry's claim against

---

[18] *Werner v. Carbo*, 731 F.2d 204, 208 (4th Cir. 1984). The 2007 amendments to the Federal Rules of Civil Procedure changed the word "prior" to "earlier" in Rule 60(b)(5). The change was not meant to be substantive.

[19] *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir. 1993) (per curiam) (collecting cases); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

[20] *Latham*, 987 F.2d at 1204.

[21] *See Anthony v. Petroleum Helicopters, Inc.*, 693 F.2d 495, 498 n.6 (5th Cir. 1982).

Groves was an adverse, and appealable, element of the judgment. Lowry could foresee that, if this Court were to reverse on the coverage question (as it did), then a necessary premise for the district court's dismissal of the Groves claim would be eliminated. That is, once Great American filed a notice of appeal, Lowry was on notice that it might eventually need to resurrect its Groves claim. Had it filed a protective appeal to preserve that possibility, this Court, upon reversing with respect to Great American, probably would have vacated the Groves dismissal and allowed the district court on remand to consider the Groves claim in the first instance in light of the reversal. That is essentially where we are now after the Rule 60(b) relief, implying that Lowry's Rule 60(b) motion did indeed act as a substitute for a protective appeal.

Groves points to no case, however, that stands for the principle that Rule 60(b) relief is unavailable when the movant has not gone through the hollow exercise of filing such an anticipatory, *pro forma* appeal. Indeed, it is difficult to argue that Lowry used Rule 60(b) here as a "procedural ploy" to file an ordinary appeal out of time. In fact, filing a Rule 60(b) motion might seem like the more natural (if riskier) course, proceeding only after the argument has "ripened."

The best case for Lowry on this question comes from a somewhat similar fact pattern in the Fourth Circuit.[22] In that case, a plaintiff sued both a doctor and the doctor's professional corporation and won a jury award against both.[23] The doctor appealed, but the corporation did not. The doctor prevailed on appeal.[24] The corporation then moved in the district court, under Rule 60(b), to set aside the judgment against it in light of the reversal with respect to the

---

[22] *Carbo*, 731 F.2d 204.

[23] *Id.* at 206. The jury had been instructed that finding the doctor liable required, by logical necessity, finding the corporation liable. *Id.*

[24] *Werner v. Upjohn Co.*, 628 F.2d 848 (4th Cir. 1980).

doctor. The district court denied relief, but the Fourth Circuit reversed, finding that the district court had abused its discretion in doing so.[25] The corporation certainly could have appealed alongside the doctor, but the Fourth Circuit held that its failure to do so did not bar relief under Rule 60(b)(5). Lowry's argument in this case is even stronger than the corporation's was in the Fourth Circuit: the corporation had every reason to appeal the jury verdict against it, whereas Lowry largely prevailed in the district court and could only have filed an anticipatory protective appeal. At the least, the Fourth Circuit's case illustrates that, when the equities weigh in a movant's favor, a forgone opportunity to appeal does not categorically bar relief under Rule 60(b).

Acknowledging that Lowry's Rule 60(b) motion looks like the protective appeal it failed to file, we find no authority dictating that Rule 60(b) relief cannot apply in such circumstances and persuasive authority to the contrary. We conclude that the district court did not abuse its discretion in granting Lowry Rule 60(b) relief despite its failure to file a protective appeal against Groves.

### C. Prejudice Against Groves

A Rule 60(b) movant must generally show that the opposing party will not be unfairly prejudiced by having the judgment set aside.[26] Groves argues that losing the opportunity to participate in the original appeal will unfairly prejudice it in future proceedings. Groves suggests that, had it been a party to the original appeal, it would have argued for certifying a question in that appeal to the Mississippi Supreme Court. Groves presumably thinks this could have altered the outcome of that appeal.

Groves's argument focuses on the prejudice from not participating in the original appeal rather than the prejudice from setting aside the dismissal, which is the relevant inquiry. Having a favorable judgment set aside is inherently

---

[25] *Carbo*, 731 F.2d at 207-09.

[26] *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (a Rule 60(b)(4) case).

prejudicial, so some extra measure of *unfair* prejudice must be present to overcome an otherwise worthy Rule 60(b) motion.[27] With Rule 60(b) relief, Lowry will present its negligence claim to a jury for the first time.[28] As the district court noted, in that future trial, Groves "will be permitted to present its case and defenses to a jury." That is, Groves retains a fair chance to litigate the negligence issue. There is no denying that prior proceedings have moved the goalposts in Lowry's favor: the law of the case requires that the trial be premised on a settled holding that Lowry's policy with Great American did not cover wind damage. But that prejudice, stemming from a ruling of this Court, is not unfair. Finding no unfair prejudice against Groves, we again conclude that the district court did not abuse its discretion in granting Lowry Rule 60(b) relief.

## IV.

The district court's grant of Rule 60(b) relief is AFFIRMED. The cause is REMANDED for any further proceedings consistent with this opinion.

---

[27] *See Carbo*, 731 F.2d at 207 ("The only prejudice claimed by Werner is that present when any judgment is vacated: the protraction of proceedings, the time and expense of a new trial, the loss of post-judgment interest. Any loss of leverage in settlement discussions, while doubtless a practical consideration, we do not think is the type of prejudice contemplated by the rule.").

[28] The parties have agreed to end the case with this appeal, but we must consider the trial that would otherwise take place in order to evaluate any prejudice against Groves in that proceeding.