# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

No. 18-30900
Summary Calendar

SHAMBRIA NECOLE SMITH,

      Plaintiff - Appellant

v.

KANSA TECHNOLOGY, L.L.C.,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-16597

Before JONES, HIGGINSON, and OLDHAM Circuit Judges.

PER CURIAM:*

While working for the Hammond Daily Star Publishing Company, Inc. ("Hammond Daily Star"), Appellant Shambria Smith was involved in a machinery accident where she lost a portion of her left "pinky" finger. Smith claims that she lost her finger while operating the Kansa 480 Newspaper Inserter ("Kansa Inserter"). She sued both Hammond Daily Star and Kansa Technology, LLC ("Kansa"), alleging—among other things—that the Kansa

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30900

Inserter was unreasonably dangerous due to a design defect and inadequate warnings. The district court dismissed the claims against Hammond Daily Star based on tort immunity under Louisiana's Workers' Compensation Act. The claims against Kansa proceeded to a jury trial, which resulted in a verdict for Kansa and a final judgment dismissing Smith's claims.

Thereafter, Smith filed a Motion for Leave to Interview Jurors, claiming that juror interviews were needed to discover potential jury taint. Smith also filed a Motion for Relief under Federal Rule of Civil Procedure 60(b), challenging the jury verdict. The district court denied both motions. Smith now appeals.

This court reviews the denial of a Motion for Leave to Interview Jurors and the denial of a Motion for Relief under Rule 60(b) for abuse of discretion. *See United States v. Booker*, 334 F.3d 406, 416 (5th Cir. 2003) (Motion for Leave to Interview Jurors); *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 800 (5th Cir. 2002) (Rule 60(b) Motion). Having carefully reviewed the briefing and pertinent portions of the record, we conclude that the district court did not abuse its discretion. Therefore, the district court's orders denying Smith's Motion for Leave to Interview Jurors and Smith's Rule 60(b) Motion are **AFFIRMED** for essentially the same reasons articulated by that court.