# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-20275
Summary Calendar

GEORGE O. RILEY; TRENA LEEANN RILEY,

Plaintiffs-Appellants

v.

WELLS FARGO BANK, N.A.; CRESTMARK MORTGAGE COMPANY, LIMITED; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-608

Before KING, SMITH, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In 2011, George and Trena Riley executed a mortgage loan modification agreement with Wells Fargo Bank, N.A. (Wells Fargo) for their home in Houston. In 2012, Wells Fargo sought to foreclose on the property because the Rileys stopped making payments. The Rileys filed suit to halt the foreclosure (*Riley I*), but the case was dismissed without prejudice. Soon thereafter, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20275

Rileys filed a second suit (*Riley II*) to halt another attempt by Wells Fargo to foreclose. The district court granted the defendants' motions to dismiss in 2014, and the Rileys failed to appeal.

After Wells Fargo successfully foreclosed on the Rileys' property in 2015, they filed a third suit (*Riley III*). The Rileys alleged that the assignments of the mortgage note to Wells Fargo and eventual foreclosure were executed through fraud, thereby depriving Wells Fargo of the standing to foreclose. After the defendants moved to dismiss the suit, the Rileys moved to void the judgment in *Riley II* pursuant to Federal Rule of Civil Procedure 60. They argued in pertinent part that Wells Fargo committed fraud on the district court by filing fraudulent documents to foreclose on the Rileys' property. The district court granted the motions to dismiss, and it denied the Rileys' motion to void the judgment in *Riley II* because only the court presiding over *Riley II* could void the judgment.

The Rileys appealed, and this court affirmed the district court's judgment, holding in relevant part that regardless of whether the *Riley III* court had the power to void the *Riley II* judgment, "[t]he alleged manufacturing and forgery of documents by the defendants does not amount to fraud on the court within the meaning of [Rule 60(d)(3)]." *Riley v. Wells Fargo Bank, N.A.*, 715 F. App'x 413, 414 (5th Cir. 2018).

In 2019, the Rileys, acting pro se, returned to *Riley II* and sought various forms of relief. In pertinent part, the Rileys sought relief from the Riley II judgment under Rule 60(b) and Rule 60(d)(3) of the Federal Rules of Civil Procedure. They argued that Wells Fargo filed fraudulent documents with the assistance of legal counsel to foreclose on their property.

The district court denied the motion because it was untimely. The Rileys filed a motion for reconsideration, which the district court denied, finding that

the Rileys "briefed no legal arguments, nor did they produce any new evidence that would persuade the Court to reconsider its previous Order." The Rileys timely filed a notice of appeal for the denial of the motion for relief from judgment in *Riley II* and the motion to reconsider. However, on appeal, they do not brief arguments regarding the denial of their motion to reconsider and thus abandoned it as an issue before this court. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). They also purported to file a notice of appeal for the underlying 2014 dismissal in *Riley II*.

On appeal, the Rileys, acting pro se, primarily argue that the district court abused its discretion by denying their Rule 60(d)(3) motion for relief from the 2014 judgment because Wells Fargo's actions constituted fraud on the court. Specifically, Wells Fargo "misled the court and the [Rileys] to believe that Wells Fargo had indeed purchased the [Rileys'] mortgage note in August 2009 . . . by filing both the mortgage note with the now voided endorsement they knew then to be false along with an assignment of mortgage."

This court reviews the denial of a Rule 60(d)(3) motion for abuse of discretion. *Rodriguez v. Bank of Am., N.A.*, 693 F. App'x 376, 377 (5th Cir. 2017). The allegedly inauthentic documents cited by the Rileys were the basis of the claims already adjudicated in *Riley II*. Rather than establishing proof of fraud on the court, the Rileys are rehashing their substantive claims regarding the lawfulness of the foreclosure proceeding, which this court has already held did not constitute fraud on the court. *Riley*, 715 F. App'x at 414 (citing *Tu Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 335 (5th Cir. 2013)). Thus, the district court did not abuse its discretion on this issue.

Although unclear, it appears that the Rileys' second issue on appeal relates to Federal Rule of Civil Procedure 60(b)(3), which allows a court to grant relief from a final judgment due to fraud, misrepresentation, or

No. 19-20275

misconduct by an opposing party.  They argue that the foreclosure judgment in favor of Wells Fargo was based on fraudulent evidence.  Generally, this court reviews denials of relief under Rule 60(b)(3) for abuse of discretion.  *See Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012).  A party seeking relief under Rule 60(b)(3) must do so within a year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).  The district court entered the final judgment in *Riley II* in 2014.  Therefore, the Rileys' motion under Rule 60(b)(3) is untimely, and the district court did not abuse its discretion.  FED. R. CIV. P. 60(c)(1).

The Rileys' third and final argument on appeal is that their attorney's "abandonment" during the first round of litigation of *Riley II* permits them to appeal the district court's 2014 dismissal now.  This court does not have the power to grant an equitable exception to the jurisdictional requirement that the Rileys had to file their notice of appeal within 30 days of the entry of judgment, even when there has been an allegation of attorney abandonment.  *See Perez v. Stephens*, 784 F.3d 276, 284 (5th Cir. 2015) (citing 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4).  Therefore, this court does not have the jurisdiction to review that issue.

Accordingly, the judgment of the district court denying the Rileys' motion for relief from the *Riley II* judgment is AFFIRMED.